DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 EAST BROADWAY BLVD., SUITE 200
TUCSON, AZ 85716-5300
(520) 322-5000

Gary F. Urman (AZ # 11748)
gurman@dmyl.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Acadia Insurance Company, an Iowa corporation,<br><br>Plaintiff,<br><br>vs.<br><br>A.S.A.P. Door Repair & Service, Inc., an Arizona corporation,<br><br>Defendant. | NO.<br><br>**COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff, Acadia Insurance Company ("Acadia" or "Plaintiff"), by and through its undersigned counsel, demands judgment against Defendant, A.S.A.P. Door & Repair Service, Inc. ("Defendant"), and complains against it as follows:

**PARTIES**

1. Acadia is a corporation organized and existing under the laws of the State of Iowa with its principal place of business located at One Acadia Commons, PO Box 9010, Westbrook, ME 04098-5010. Acadia is therefore a citizen of Iowa and Maine. At all times relevant hereto, Plaintiff was duly authorized to engage in the business of insurance in the State of Arizona.

2. At all times relevant hereto, Acadia provided property insurance to New

Empire Ventures, Inc. ("New Empire") in connection with its property located at 2501 West Dunlap Avenue, Phoenix, AZ 85021 (the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

3. In the wake of the incident described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), Acadia became subrogated to certain recovery rights and interests of New Empire for monies paid thereunder, including the claims giving rise to this action.

4. Defendant, A.S.A.P. Door Repair & Service, Inc., is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located at 5122 West Whispering Wind Drive, Glendale, AZ 85310. Defendant is therefore a citizen of the State of Arizona.

5. At all times relevant hereto, Defendant was engaged in the business of, *inter alia*, installing, replacing and repairing commercial doors, and did, in fact, install an overhead door at the subject property.

## **JURISDICTION AND VENUE**

6. Jurisdiction is based on 28 U.S.C. § 1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this district based on 28 U.S.C. § 1391(b)(1) and (2) in that Defendant resides in this district and the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference the preceding averments as though set forth at length herein. Prior to November 8, 2020, Defendant was retained to install an overhead, fire-rated rolling steel fire door with a fusible-link automatic closure device (the "overhead door") at the subject property in the masonry fire wall that bisected the north end of the building.

9. The overhead door was intended to limit the spread of fire and smoke from one compartment to another by automatic closure in the event of fire.

10. On or about November 8, 2020, a fire occurred at the subject property.

11. Due to Defendant's incorrect, deficient, and otherwise improper installation of the overhead door, the overhead door failed to operate properly and contain the subject fire as intended. As a result, the malfunction of the overhead door caused substantial fire spread that caused extensive fire, smoke and subsequent water damage that would not have otherwise occurred.

12. As a direct result of the fire, New Empire sustained extensive and severe damage to its real and personal property. Acadia became subrogated to the rights, claims and interests of New Empire for any monies paid thereunder, including the claims giving rise to this action.

13. The damages sustained by New Empire and, therefore, Plaintiff are the direct and proximate result of the negligent conduct of Defendant.

## FIRST COUNT – NEGLIGENCE

14. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

15. Defendant owed New Empire a duty of care to, *inter alia*, properly install the overhead door at the subject property.

16. The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other liability-producing conduct of Defendant, including negligent acts and/or omissions of Defendant as performed by and through its agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency, more specifically described as follows:

   (a) failing to exercise reasonable care in the performance of duties in the installation of the overhead door at the subject property, including, but not limited to, carelessly and negligently performing the following:

      (1) failing to competently install the overhead door at the subject property in a safe and appropriate manner in order to properly contain fire and fire spread;

      (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of the overhead door at the subject property in a safe and appropriate manner in order to properly contain fire and fire spread; and/or

      (3) failing to properly monitor the work of all agents and/or employees during the installation of the overhead door to ensure compliance with applicable safety procedures in a safe and appropriate manner in order to properly contain fire and fire spread;

   (b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

      (c) failing to adequately warn New Empire and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

      (d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

      (e) failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards, including but not limited to NFPA 80, "Standard for Fire Doors and Other Opening Protectives";

      (f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

      (g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

17. As a direct and proximate result of such conduct, New Empire sustained and incurred damage to real and personal property in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to New Empire's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, pre- and post-judgment interest, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### SECOND COUNT – BREACH OF IMPLIED WARRANTIES

18. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

19. In furtherance of the aforementioned services performed, Defendant had impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

20. Based upon the aforementioned improper conduct on the part of Defendant, personally and through servants, employees, and/or agents as set forth above, Defendant breached these warranties.

21. New Empire and Plaintiff have performed all conditions precedent to recover based upon such breaches.

22. As a result of the damages directly and proximately caused by said breach(es) of Defendant, New Empire sustained and incurred damage to real and personal property in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to New Empire's right of recovery.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs incident to this suit, pre- and post-judgment interest, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 16th day of August, 2022.

                                              DECONCINI MCDONALD YETWIN & LACY, P.C.

                                              By: /s/ Gary F. Urman
                                                  Gary F. Urman
                                                  2525 E. Broadway Blvd., Suite 200
                                                  Tucson, AZ 85716-5300
                                                  Attorneys for Plaintiff

DECONCINI MCDONALD YETWIN & LACY, P.C.
2525 East Broadway Blvd., Suite 200
Tucson, AZ 85716-5300

Acadia Insurance Company v. A.S.A.P. Door Repair & Service, Inc.; Case No. _____   Page 7 of 7
\\dmylctxupm01\CitrixUPM\Folders\kcard\Desktop\Complaint.docx   7